IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **MARLENE DAVIS, as trustee of THE DAVIS FAMILY TRUST DATED 8/28/1986, et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**MLAKE 11, LLC, et al.**,<br><br>Defendants,<br><br>**MLAKE 11, LLC and MAXUS REALTY TRUST, INC.,**<br><br>Third-Party Plaintiffs,<br><br>v.<br><br>**HOWARD PARELSKIN, DAVID SCAFF, and COTTONWOOD RESIDENTIAL O.P., L.P.,**<br><br>Third-Party Defendants. | Case No. 16-cv-02249-DDC-TJJ |

## MEMORANDUM AND ORDER

This matter comes before the court on Howard Parelskin, David Scaff, and Cottonwood Residential O.P., L.P.'s (collectively "Movants") joint Motion to Dismiss Third-Party Complaint (Doc. 34). Also before the court are three other motions: (1) Movants' Motion to Withdraw and Substitute (Doc. 110); (2) Cottonwood and Mr. Scaff's joint Motion to Dismiss Third Party Complaint (Doc. 104); and, (3) Mr. Parelskin's Motion to Dismiss Third Party Complaint (Doc. 106).

The court denies Movants' Motion to Withdraw and Substitute. Although the court realizes that Movants filed their Motion to Withdraw and Substitute to help the court navigate the maze that is this case's docket, the motion, in the end, is unnecessary. In brief, Movants

1

want to substitute a new motion to dismiss the third-party complaint in place of the pending Motion to Dismiss Third-Party Complaint (Doc. 34).  The court has decided to grant the pending Motion to Dismiss (Doc. 34) for the reasons explained below.  Allowing Movants to withdraw their pending Motion to Dismiss (Doc. 34)—filed five months ago—and replace it with a new motion merely would start the briefing cycle again.  The last thing this case needs is more filings.  But that is not the reason the court denies the Motion to Substitute.  Instead, the court has reviewed the updated Motions to Dismiss Third-Party Complaint (Docs. 104, 106) and concludes that the proposed substitution will not affect the court's dispositive rationale for granting the pending motion (Doc. 34), as explained in this Memorandum and Order.

Because the court denies Movants' Motion to Withdraw and Substitute (Doc. 110), it also denies Cottonwood and Mr. Scaff's joint Motion to Dismiss Third-Party Complaint (Doc. 104) and Mr. Parelskin's Motion to Dismiss Third-Party Complaint (Doc. 106) as moot.

The court now turns to consider Movants' joint Motion to Dismiss Third-Party Complaint (Doc. 34).  For reasons explained below, the court grants this Motion.

**I.      Background**

The motions before the court today arise as part of a lawsuit brought by a group of plaintiffs who, in large measure, are not implicated in the current motions.  This lawsuit involves a thicket of disputes among a large number of parties asserting a confounding set of claims.  As example, Mr. Scaff, one of the Movants, is a plaintiff, a defendant on the case's counterclaim, and also a third-party defendant.  Hoping to simplify the discussion necessary to decide the present motion, the court refers to the plaintiffs as the "original plaintiffs" and to the parties sued by their Complaint as the "original defendants."

On April 15, 2016,[1] the original plaintiffs filed a Complaint alleging, among other things, claims for breach of fiduciary duty and breach of contract against several of the original defendants. These claims are based on activities involving Centennial Park Kansas, LLC ("Centennial Park")—a Kansas limited liability company. The original plaintiffs are all non-managing members of the Centennial Park, LLC, and premise many of their claims on alleged breaches of Centennial Park's Operating Agreement.

On May 31, 2016, two of the original defendants—MLAKE 11, LLC and Maxus Realty Trust, Inc.—filed a Third-Party Complaint naming the Movants as third-party defendants. The Third-Party Complaint alleges claims for tortious interference with contract and tortious interference with prospective contractual relations. Doc. 20. On June 24, 2016, Movants filed a joint Motion to Dismiss the Third-Party Complaint. This Order rules on that joint Motion.

The court views Movants' joint Motion to Dismiss Third-Party Complaint as two motions: (1) a joint motion to dismiss submitted by all three third-party defendants invoking Federal Rules of Civil Procedure 14 and 12(b)(6), and (2) a motion by Mr. Parelskin seeking to dismiss the Third-Party Complaint for lack of personal jurisdiction over him.[2]

**II.   Analysis**

The court begins its analysis with Movants' joint motion to dismiss the Third-Party Complaint for failing to comply with Rule 14(a).

Rule 14(a)(1) allows a defendant, acting as a third-party plaintiff, to "serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the [liability for the]

---

[1] The original plaintiffs filed an amended complaint—titled First Amended Complaint—on October 19, 2016. Doc. 86. The First Amended Complaint does not alter the facts discussed in this Order.

[2] Mr. Parelskin did not file a separate motion. Instead, Movants incorporated Mr. Parelskin's personal jurisdiction argument from his Motion to Dismiss Counterclaim into their joint Motion to Dismiss Third-Party Complaint. Doc. 35 at 3; *see also* Doc. 32 (Mr. Parelskin's Memorandum in Support of Motion to Dismiss Counterclaim).

claim against it." Although "Rule 14(a) should be liberally construed . . . it is not a catchall." *U.S. Fid. & Guar. Co. v. Perkins*, 388 F.2d 771, 773 (10th Cir. 1968). "Rule 14's provision for impleading parties is narrow." *King Fisher Marine Serv., Inc. v. 21st Phoenix Corp.*, 893 F.2d 1155, 1158 n.1 (10th Cir. 1990). A would-be third-party-plaintiff must attempt to "pass on to third parties all or part of the claim asserted against [it as] the original defendant[]." *U.S. Fid. & Guar. Co. v. Am. State Bank*, 372 F.2d 449, 450 (10th Cir. 1967). In other words, "[t]hird-party claims asserted under Rule 14(a) must involve liability of the third-party plaintiff to the original plaintiff that may be passed on to the third-party defendant." *Triple-I Corp., Inc. v. Hudson Assocs. Consulting, Inc.*, No. 06-2195-KHV, 2006 WL 3004026, at *1 (D. Kan. Oct. 20, 2006) (citing *Admin. Comm. of Wal-Mart Assocs. Health & Welfare Plan v. Willard*, 216 F.R.D. 511, 513 (D. Kan. 2003)). Without such secondary or derivative liability, a party cannot be brought into court as a third-party defendant. As the third-party plaintiffs here, MLAKE 11 and Maxus Realty bear the burden to prove that a proper basis exists for them to bring Movants into this case as third-party defendants. *See Willard*, 216 F.R.D. at 514.

The Third-Party Complaint does not assert claims involving MLAKE 11 and Maxus Realty's ("Third-Party Plaintiffs") liability to the original plaintiffs. The Third-Party Complaint asserts claims against Movants for tortious interference with contract and tortious interference with prospective contractual relations. Doc. 20. It never alleges that Movants are liable to Third-Party Plaintiffs for Third-Party Plaintiffs' liability to the original plaintiffs. To put it more plainly: Third-Party Plaintiffs never allege that any liability they may have in the original case can be passed on to Movants. They only allege that Movants are directly liable to them, the third-party plaintiffs. This is not an appropriate use of Rule 14(a). The Third-Party Complaint

does not allege secondary or derivative liability, therefore Movants are not proper third-party defendants under Rule 14(a).

Third-Party Plaintiffs nonetheless contend that their Third-Party Complaint is procedurally proper because Movants' "liability is dependent on" (1) the outcome of the original plaintiffs' breach-of-contract claim against Third-Party Plaintiffs, (2) whether Third-Party Plaintiffs' defense in the original case—*i.e.*, that the original plaintiffs breached the Operating Agreement before they did—is successful, and (3) whether Third-Party Plaintiffs and the other counterclaim-plaintiffs are successful on their counterclaim.  Doc. 50 at 17.  But the Movants' "liability" that Third-Party Plaintiffs speak of is liability to Third-Party Plaintiffs themselves— not to the original plaintiffs.

Although impleader via Rule 14(a) is appropriate when the third-party defendant's "liability is in some way dependent on the outcome of the main claim," that is not the case here. *Willard*, 216 F.R.D. at 513 (citing *Bethany Med. Ctr. v. Harder*, 641 F. Supp. 214, 217 (D. Kan. 1986)).  The original plaintiffs' breach-of-contract claim, Third-Party Plaintiffs' defense to it, and the breach-of-contract counterclaim against the original plaintiffs have nothing to do with Movants' potential liability to Third-Party Plaintiffs for tortious interference with contract or prospective contractual relations.  Third-Party Plaintiffs could be successful on their claims against Movants even if they lost the original case and the breach-of-contract counterclaim. Therefore, Third-Party Plaintiffs have not shown that Movants' liability on the Third-Party Complaint depends on the original case.

Finally, Third-Party Plaintiffs appear to contend that dismissing a third-party complaint even loosely based on the same set of facts as the complaint's claims would violate Rule 1.  *See* Doc. 50 at 16–17.  Rule 1, of course, requires the court to construe the Federal Rules of Civil

Procedure to secure the "just, speedy and inexpensive determination of every action."  But the court cannot use Rule 1 to nullify specific requirements of other rules.  As our court has said before, "[a]lthough Rule 14 was designed to reduce multiplicity of litigation, the principle of secondary or derivative liability is central."  *Willard*, 216 F.R.D. at 513–14 (footnotes omitted).  "The mere fact that the alleged third-party claim arises from the same transaction or set of facts as the original claim is not enough."  6 Arthur R. Miller et al., *Federal Practice and Procedure* § 1446, Westlaw (database updated Apr. 2016); *accord Perkins*, 388 F.2d at 773; *United States v. Olavarrieta*, 812 F.2d 640, 643 (11th Cir. 1987).

The court grants Movants' joint Motion to Dismiss Third-Party Complaint for failing to comply with Rule 14.  Because the court dismisses the Third-Party Complaint based on Rule 14, it need not reach Mr. Parelskin's jurisdictional challenge, or Movants' motion to dismiss under rule 12(b)(6).

**IT IS THEREFORE ORDERED BY THE COURT THAT** Movants' Motion to Dismiss Third-Party Complaint (Doc. 34) is granted.

**IT IS FURTHER ORDERED BY THE COURT THAT** Movants' Motion to Withdraw and Substitute (Doc. 110) is denied.

**IT IS FURTHER ORDERED BY THE COURT THAT** Cottonwood and Mr. Scaff's joint Motion to Dismiss Third Party Complaint (Doc. 104) is denied as moot.

**IT IS FURTHER ORDERED BY THE COURT THAT** Mr. Parelskin's Motion to Dismiss Third Party Complaint (Doc. 106) is denied as moot.

**IT IS SO ORDERED.**

**Dated this 28th day of November, 2016, at Topeka, Kansas.**

        **s/ Daniel D. Crabtree**
        **Daniel D. Crabtree**
        **United States District Judge**